FILED

2017 NOV 13 PM 4:22

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF FLORIDA**

ELIZABETH GOLDSMITH,

Plaintiff

v.

BLUESTEM BRANDS, INC. d/b/a FINGERHUT,

Defendant

**Case No.:** 6:17-cv-1943-Orl-22-TBS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

ELIZABETH GOLDSMITH ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Daytona Beach, Florida 32118.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around July 2016 and continuing thereafter through in or about 2017, Defendant called Plaintiff on her cellular telephone on a repeated basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or automatic and/or pre-recorded messages since she would be regularly greeted by a recording or pre-recorded voice prior to being transferred or connected to one of Defendant's live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Frustrated by Defendant's incessant calls, Plaintiff spoke to Defendant in or around November 2016 and requested that their calls stop immediately.

17. Once Defendant was informed that its calls were unwanted and to stop calling, there was no further purpose in continuing to call Plaintiff other than harassment.

18. Despite Plaintiff's clear revocation of consent, Defendant persisted in calling Plaintiff.

19. These additional calls were aggravating and unnerving for Plaintiff to endure during this period, so she ultimately downloaded a blocking application onto her cellular telephone to stop Defendant's incessant calls.

20. Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly on and after November 2016, as Plaintiff revoked any previous consent to call her cellular telephone.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ELIZABETH GOLDSMITH, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ELIZABETH GOLDSMITH, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: November 9, 2017

By: */s/ Amy L. Bennecoff Ginsburg*

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com